## *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

### *Summons*

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

CINDY GROVE
27974 BUCK ROAD
BELOIT, OH 44609

      Plaintiff(s)

        VS

CARRIAGE HILL FOODS
1735 S. LINCOLN AVE.
SALEM, OH 44460

        Defendant(s)

C. ASHLEY PIKE
**Judge**

*Summons on Complaint*

To the below named Defendant(s):

      CARRIAGE HILL FOODS
      1735 S. LINCOLN AVE.
      SALEM, OH 44460

      You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

      You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

      The name and address of the Plaintiff's Attorney is as follows:

      MICHAEL D. ROSSI    (330)-393-1584
      ATTORENY AT LAW
      151 EAST MARKET STREET
      P.O. BOX 4270
      WARREN, OH 44482

      If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

P    *47845520*

Deputy Clerk          December 10, 2001

summ

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

CINDY GROVE )
27974 Buck Road )
Beloit, OH )
)
    Plaintiff )
)
vs )
)
CARRIAGE HILL FOODS )
1735 S. Lincoln )
Salem, OH  44460 )
)
    Defendant )
)
)
)
)
)
)
)
)

Case No. _01CV867_

Judge _Pike_

*C O M P L A I N T*

*(Other Torts)*

*WITH*

*INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS
ATTACHED*

*AND*

*JURY DEMAND ENDORSED HEREON*

**FILED**

COLUMBIANA COUNTY
COURT OF COMMON PLEAS

NOV 2 9 2001

ANTHONY J. DATTILIO

CLERK

**First Claim**

**("Whistleblower Statute" Claim)**

    1.    At all times relevant, Plaintiff was an "employee" and Defendant an "employer" within the meaning of R.C. §4113.51.

    2.    Hired 8/2/00, Plaintiff was Defendant's Human Resources Administrator.

    3.    In 1/01, during the course of her employment, Plaintiff became aware that Defendant was falsifying records and counterfeiting social security cards for the purpose of employing illegal aliens in its meat processing business; and reasonably believed such conduct to constitute a felonious violation of federal statute.

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO  44482

4.      Thereafter, Plaintiff told her supervisor about that conduct and, subsequently, documented the same with sufficient detail to identify and describe that violation.

5.      Defendant neither corrected, nor made any reasonable, good faith effort to correct the violation within 24 hours after being so notified by the Plaintiff.

6.      Thereafter, Plaintiff reported and documented the same with the U.S. Immigration and Naturalization Service.

7.      On 10/29/01, as a result of Plaintiff's stated reporting, Defendant removed her from its employ.

8.      In so removing Plaintiff from its employ, Defendant acted willfully, wantonly, maliciously and in reckless disregard of Plaintiff's legally-protected interests.

9.      As a direct and proximate result of Defendant's stated retaliatory conduct, Plaintiff has lost earnings and other employment benefit; and suffered shame, embarrassment, humiliation and other distress of mind.

### *Second Claim*

### *("Ohio Public Policy Violation" Claim)*

Plaintiff realleges and, by reference, herein incorporates the allegations heretofore contained in her First Claim; and further alleges that those allegations also state a claim for violation of the public policy of the State of Ohio.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the sum of $25,000.00; for punitive damages in the sum of $10,000,000.00; and for an award of reasonable attorney fees, together with interest as provided by law and the costs of this action.

Plaintiff further demands a trial by jury on the issues joined.

2

GUARNIERI & SECREST, P.L.L.

_____
GEORGE N. KAFANTARIS (#0009748)
720 N. Park
Warren, Ohio  44483
(330) 394-5455
CO-COUNSEL FOR PLAINTIFF

_____
MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio  44482
(330) 393-1584
CO-COUNSEL FOR PLAINTIFF

State of Ohio
Columbiana County  ss

I, _____ a _____ D, Clerk of Court of Common Pleas
_____ do hereby certify
_____ is now on file in said

within and for _____
that the foregoing _____
Clerk's office
    IN TESTIM _____                           _____ subscribed my
    name and affixed _____                    _____ at Lisbon, Ohio
this ____10____ day _____ December _____ 2001
    A.D. 20 _____                                                     Clerk
    _____                                                      Deputy

3

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

| | | |
|---|---|---|
| CINDY GROVE | ) | Case No. _____ |
| | ) | |
| Plaintiff | ) | Judge _____ |
| | ) | |
| vs. | ) | |
| | ) | ***COMBINED INTERROGATORIES*** |
| CARRIAGE HILL FOODS | ) | ***AND REQUEST FOR PRODUCTION*** |
| | ) | ***OF DOCUMENTS DIRECTED*** |
| Defendant | ) | ***TO DEFENDANT*** |

Pursuant to Ohio Civil Rules 33 and 34, Plaintiff requests the Defendant to answer the following interrogatories and produce the following documents within 28 days from date of service of this Combined Request upon it:

1. Are you party to any contract with the United States government?

   ANSWER:

2. If so, by contract price, term and nature of goods/services, identify each such contract.

   ANSWER:

3.     Produce the personnel file of former employee, Cindy Grove.

       RESPONSE:

4.     Produce the personnel file of current or former employee, Miguel Nino, or
       name of similar import.

       RESPONSE:

GUARNIERI & SECREST, P.L.L.


MICHAEL D. ROSSI (#0005591)
151 E. Market Street
P.O. Box 4270
Warren, OH  44482
(330)393-1584
CO-COUNSEL FOR PLAINTIFF

2

## Court of Common Pleas, Columbiana County, Lisbon, Ohio

### Summons
Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE**
**Judge**

CINDY GROVE
27974 BUCK ROAD
BELOIT, OH 44609

            Plaintiff(s)

        VS.

*Summons on Amended Complaint*

CARRIAGE HILL FOODS
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

            Defendant(s)

To the below named Defendant(s):

        CARRIAGE HILL FOODS
        1600 HARMOUNT AVE NE
        PO BOX 8440
        CANTON, OH44711

     You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

     You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

     The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI    (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

     If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

            **Anthony J. Dattilio, Clerk of Courts**
            105 South Market Street
            Lisbon, Ohio 44432

P _____    Deputy Clerk      December 20, 2001

sacom

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

CINDY GROVE )   Case No: 2001-CV-867

    Plaintiff )

vs. )

FRESH MARK, INC., dba )
SUGARDALE FOODS and )
CARRIAGE HILL FOODS )
1600 Harmont Avenue, N.E. )
P.O. Box 8440 )
Canton, OH 44711-8440 )

    Defendant )
)
)
)
)
)

**FILED**

COLUMBIANA COUNTY
COURT OF COMMON PLEAS

DEC 2 0 2001

ANTHONY J. DATTILIO
CLERK

*AMENDED*
*C O M P L A I N T*
*WITH*

*INTERROGATORIES AND REQUEST*
*FOR PRODUCTION OF DOCUMENTS*
*ATTACHED*

*AND*

*JURY DEMAND ENDORSED HEREON*

### First Claim

### ("Whistleblower Statute" Claim)

1.    At all times relevant, Plaintiff was an "employee" and Defendant an "employer" within the meaning of R.C. §4113.51.

2.    Hired 8/2/00, Plaintiff was Defendant's Human Resources Administrator.

3.    In 1/01, during the course of her employment, Plaintiff became aware that Defendant was falsifying records and counterfeiting social security cards for the purpose of employing illegal aliens in its meat processing business; and reasonably believed such conduct to constitute a felonious violation of federal statute.

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO 44482

4. Thereafter, Plaintiff told her supervisor about that conduct and, subsequently, documented the same with sufficient detail to identify and describe that violation.

5. Defendant neither corrected, nor made any reasonable, good faith effort to correct the violation within 24 hours after being so notified by the Plaintiff.

6. Thereafter, Plaintiff reported and documented the same with the U.S. Immigration and Naturalization Service.

7. On 10/29/01, as a result of Plaintiff's stated reporting, Defendant removed her from its employ.

8. In so removing Plaintiff from its employ, Defendant acted willfully, wantonly, maliciously and in reckless disregard of Plaintiff's legally-protected interests.

9. As a direct and proximate result of Defendant's stated retaliatory conduct, Plaintiff has lost earnings and other employment benefit; and suffered shame, embarrassment, humiliation and other distress of mind.

### *Second Claim*

### *("Ohio Public Policy Violation" Claim)*

Plaintiff realleges and, by reference, herein incorporates the allegations heretofore contained in her First Claim; and further alleges that those allegations also state a claim for violation of the public policy of the State of Ohio.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the sum of $25,000.00; for punitive damages in the sum of $10,000,000.00; and for an award of reasonable attorney fees, together with interest as provided by law and the costs of this action.

Plaintiff further demands a trial by jury on the issues joined.

2

GUARNIERI & SECREST, P.L.L.

_G.N. Kafantaris_ _(illegible signature)_

GEORGE N. KAFANTARIS (#0009748)
720 N. Park
Warren, Ohio  44483
(330) 394-5455
CO-COUNSEL FOR PLAINTIFF

MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio  44482
(330) 393-1584
CO-COUNSEL FOR PLAINTIFF

State of Ohio
Colmbiana County  SS  } I, ANTHONY J. DATTILIO, Clerk of Court of Common Pleas within and for the County of Columbiana and the State of Ohio, do hereby certify that the foregoing is truly taken and copied from the original, now on file in said Clerk's office.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court at Lisbon, Ohio this _____ day of _____

ANTHONY J. DATTILIO, Clerk

_____ Deputy

## *IN THE COURT OF COMMON PLEAS*

## *COLUMBIANA COUNTY, OHIO*

| | |
|---|---|
| CINDY GROVE | )      Case No. 2001-CV-867 |
|     Plaintiff | ) <br> )      Judge _____ |
|   | ) |
| vs. | ) |
|   | )    *COMBINED INTERROGATORIES* |
| FRESH MARK, INC., dba | )    *AND REQUEST FOR PRODUCTION* |
| SUGARDALE FOODS and | )    *OF DOCUMENTS DIRECTED* |
| CARRIAGE HILL FOODS | )      *TO DEFENDANT* |
|   | ) |
|     Defendant | ) |

Pursuant to Ohio Civil Rules 33 and 34, Plaintiff requests the Defendant to answer the following interrogatories and produce the following documents within 28 days from date of service of this Combined Request upon it:

1.     Are you party to any contract with the United States government?

     ANSWER:

2.     if so, by contract price, term and nature of goods/services, identify each such contract.

     ANSWER:

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO  44482

3.    Produce the personnel file of former employee, Cindy Grove.

    RESPONSE:

4.    Produce the personnel file of current or former employee, Miguel Nino, or name of similar import.

    RESPONSE:

GUARNIERI & SECREST, P.L.L.

MICHAEL D. ROSSI (#0005591)
151 E. Market Street
P.O. Box 4270
Warren, OH  44482
(330)393-1584
CO-COUNSEL FOR PLAINTIFF



FILED
COLUMBIANA COUNTY
COURT OF COMMON PLEAS

JAN 0 8 2002

ANTHONY J. DATTILIO
CLERK

### COURT OF COMMON PLEAS
### COLUMBIANA COUNTY, OHIO

| | | |
|---|---|---|
| Cindy Grove, | ) | CASE NO. 01CV867 |
| | ) | |
| Plaintiff, | ) | JUDGE PIKE |
| | ) | |
| v. | ) | |
| | ) | |
| Fresh Mark, Inc., | ) | **ANSWER OF DEFENDANT TO** |
| | ) | **AMENDED COMPLAINT** |
| Defendant. | ) | |

### ANSWER

1.       Defendant Fresh Mark, Inc. admits the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint.

2.       Defendant denies the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint.  Defendant admits, however, that Defendant hired Plaintiff on or about August 2, 2000 as a Human Resources Benefits Clerk.

3.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.  Defendant denies, however, that it falsified any records or counterfeited any social security cards and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

{RPG0326;1}

4.   Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

5.   Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

7.   Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

8.   Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

9.    Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitute frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

10.    Defendant denies any and all allegations set forth in the Second Claim alleged in the unnumbered Paragraph of Plaintiff's Amended Complaint.

11.    Defendant denies any and all allegations not expressly admitted herein, including Plaintiff's prayer for relief as stated in Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

12.    Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

13.    Plaintiff is barred from relief herein, in whole or in part, by her failure to mitigate her damages.

14.    Plaintiff is barred from relief herein because she was discharged from her employment with Defendant for legitimate, non-discriminatory, and non-retaliatory reasons.

15.    Plaintiff is barred from relief herein because she was at all times an at-will employee and had no contractual relationship with Defendant.

16.    Plaintiff is barred from relief herein, in whole or in part, because she failed to comply with the procedures and requirements of section 4113.52 of the Ohio Revised Code.

17.     Plaintiff is barred from relief herein, in whole or in part, by the provisions of sections 4113.52(B) and (D) of the Ohio Revised Code because Defendant did not take any disciplinary or retaliatory action against Plaintiff for making any report authorized by Ohio Revised Code §4113.52.

18.     Plaintiff is barred from relief herein, in whole or in part, by the provisions of section 4113.52 of the Ohio Revised Code because she failed to make a reasonable and good faith effort to determine the accuracy of any information reported thereunder.

WHEREFORE, Defendant demands that the Court render judgment in favor of Defendant and against Plaintiff dismissing Plaintiff's Amended Complaint with prejudice at Plaintiff's costs; and awarding Defendant its costs herein, plus reasonable attorneys' fees; and, such other relief as this Court deems just and equitable.

Respectfully submitted,

RICHARD P. GODDARD (0010904)

LATHA M. SRINIVASAN (0069719)

CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
216-622-8200
Fax: 216-241-0816

ATTORNEYS FOR DEFENDANT
FRESH MARK, INC.

## CERTIFICATE OF SERVICE

The foregoing *Answer of Defendant* was served via Regular U.S. Mail upon Michael D. Rossi, Attorney for Plaintiff, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482, and upon George N. Kafantaris, Attorney for Plaintiff, 720 N. Park, Warren, Ohio 44483, on this 21ˢᵗ day of January, 2002.

One of the Attorneys for Defendant

{RPG0326;1}

5



FILED
COLUMBIANA COUNTY
COURT OF COMMON PLEAS

JAN 25 2002

ANTHONY J. DATTILIO
CLERK

**COURT OF COMMON PLEAS**
**COLUMBIANA COUNTY, OHIO**

| | | |
|---|---|---|
| Cindy Grove, | ) | CASE NO. 01CV867 |
| | ) | |
| Plaintiff, | ) | JUDGE PIKE |
| | ) | |
| v. | ) | **AMENDED ANSWER OF DEFENDANT** |
| | ) | **TO AMENDED COMPLAINT AND** |
| Carriage Hill Foods, | ) | **COUNTERCLAIM** |
| | ) | |
| Defendant. | ) | |

## ANSWER

1.      Defendant Fresh Mark, Inc. admits the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendant denies the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint. Defendant admits, however, that Defendant hired Plaintiff on or about August 2, 2000 as a Human Resources Benefits Clerk.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint. Defendant denies, however, that it falsified any records or counterfeited any social security cards and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

4.     Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

5.     Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

6.     Defendant lacks knowledge or sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

7.     Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

8.     Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint and avers that Plaintiff and her counsel have made these allegations without any legal or factual basis therefore, in violation of Rule 11 of the Ohio Rules of Civil Procedure, and that the actions of Plaintiff and her counsel in making these false allegations constitutes frivolous conduct within the meaning of section 2323.51 of the Ohio Revised Code.

10. Defendant denies any and all allegations set forth in the Second Claim alleged in the unnumbered Paragraph of Plaintiff's Amended Complaint.

11. Defendant denies any and all allegations not expressly admitted herein, including Plaintiff's prayer for relief as stated in Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

12. Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

13. Plaintiff is barred from relief herein, in whole or in part, by her failure to mitigate her damages.

14. Plaintiff is barred from relief herein because she was discharged from her employment with Defendant for legitimate, non-discriminatory, and non-retaliatory reasons.

15. Plaintiff is barred from relief herein because she was at all times an at-will employee and had no contractual relationship with Defendant.

16. Plaintiff is barred from relief herein, in whole or in part, because she failed to comply with the procedures and requirements of section 4113.52 of the Ohio Revised Code.

17.     Plaintiff is barred from relief herein, in whole or in part, by the provisions of sections 4113.52(B) and (D) of the Ohio Revised Code because Defendant did not take any disciplinary or retaliatory action against Plaintiff for making any report authorized by Ohio Revised Code §4113.52.

18.     Plaintiff is barred from relief herein, in whole or in part, by the provisions of section 4113.52 of the Ohio Revised Code because she failed to make a reasonable and good faith effort to determine the accuracy of any information reported thereunder.

## **COUNTERCLAIM**

1.  From approximately August 2, 2000 through October 29, 2001, Plaintiff Cindy Grove was employed by Defendant as a Human Resources Benefits Clerk.

2.  On or about October 29, 2001, Plaintiff's employment with Defendant was terminated for lawful reasons.

3.  Subsequent to October 29, 2001, Plaintiff published false and defamatory statements of and concerning Defendant to a prospective employer by which Plaintiff falsely stated that her employment with Defendant, doing business as Carriage Hill Foods, terminated because she "would not continue to hire illegal immigrants for production." .

4.  Plaintiff published the statements maliciously, intentionally, and with knowledge of their falsity or with reckless disregard for the truth.

5.  The false statements published by Plaintiff, of and concerning Defendant, are defamatory per se.

4

6. As a result of Plaintiff's actions, Defendant has sustained damage to its reputation in an amount in excess of $25,000.00.

7. Because Plaintiff maliciously and intentionally published false and defamatory statements of and concerning Defendant and acted with knowledge that the statements were false or with reckless disregard for their truth, Defendant is entitled to punitive damages.

WHEREFORE, Defendant demands that the Court render judgment in favor of Defendant and against Plaintiff dismissing Plaintiff's Amended Complaint with prejudice at Plaintiff's costs; and that the Court render judgment in favor of Defendant and against Plaintiff on Defendant's Counterclaim, awarding Defendant compensatory damages in an amount in excess of $25,000.00 and punitive damages in the amount of $500,000.00 together with its costs herein, plus reasonable attorneys' fees; and, such other relief as this Court deems just and equitable.

Respectfully submitted,

RICHARD P. GODDARD (0010904)

LATHA M. SRINIVASAN (0069719)

CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
216-622-8200
Fax: 216-241-0816

ATTORNEYS FOR DEFENDANT
FRESH MARK, INC.

5

## CERTIFICATE OF SERVICE

The foregoing *Answer of Defendant* was served via Regular U.S. Mail upon Michael D. Rossi, Attorney for Plaintiff, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482, and upon George N. Kafantaris, Attorney for Plaintiff, 720 N. Park, Warren, Ohio 44483, on this 24th day of January, 2002.

One of the Attorneys for Defendant

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

CINDY GROVE ) Case No. 2001-CV-867
 )
    Plaintiff ) Judge Pike
 )
vs. )
 )
FRESH MARK, INC., dba ) ***REPLY TO COUNTERCLAIM***
SUGARDALE FOODS and )
CARRIAGE HILL FOODS )
 )
    Defendant )

Comes now the Plaintiff and, by way of a reply to Defendant's Counterclaim, states

that:

    1.    She admits the allegations contained in Paragraph 1.

    2.    She denies the allegations contained in Paragraphs 2 through 7.

### *First Affirmative Defense*

The Counterclaim fails to state a claim upon which relief can be granted by the

Court.

### *Second Affirmative Defense*

Truth.

### *Third Affirmative Defense*

Privilege.

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO 44482

DOCKETED

FEB 0 6 2002

WHEREFORE, having fully replied, Plaintiff prays that the Counterclaim be dismissed at Defendant's costs.

GUARNIERI & SECREST, P.L.L.

_____
MICHAEL D. ROSSI (#0005591)
151 E. Market Street
P.O. Box 4270
Warren, OH  44482
(330)393-1584
CO-COUNSEL FOR PLAINTIFF

## *CERTIFICATE OF SERVICE*

I certify that the within Reply to Counterclaim was mailed, via ordinary U.S. Mail, this 28th day of January, 2002 to Latha M. Srinivasan, Attorney for Defendant, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH  44114-2688.

_____
MICHAEL D. ROSSI
CO-COUNSEL FOR PLAINTIFF

2

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

| | | |
|---|---|---|
| CINDY GROVE | ) | Case No: 2001-CV-867 |
| | ) | |
| Plaintiff | ) | Judge Pike |
| | ) | |
| vs. | ) | |
| | ) | ***PLAINTIFF'S MOTION FOR LEAVE*** |
| FRESH MARK, INC., dba | ) | ***TO AMEND AMENDED COMPLAINT,*** |
| SUGARDALE FOODS and | ) | ***THERETO ADDING A PARTY PLAINTIFF,*** |
| CARRIAGE HILL FOODS | ) | ***PARTIES DEFENDANT AND A THIRD*** |
| | ) | ***CLAIM, AND TO FILE HER SECOND*** |
| Defendant | ) | ***AMENDED COMPLAINT, INSTANTER*** |
| | ) | |

Pursuant to Ohio Civil Rules 15(A) and 21, Plaintiff now moves the Court for leave to amend her amended complaint, thereto adding a party plaintiff, several parties defendant and a Third Claim, and to file her accompanying Second Amended Complaint, instanter.

As grounds, Plaintiff states that her motion is made in good faith, without undue delay or prejudice to the Defendant; and as a result of the discovery-emergence of an additional, alternative theory of liability, to wit: civil RICO claim under federal law, that of necessity includes an additional party plaintiff and several additional parties defendant.

Justice requires that the requested leave be freely allowed so that all appropriate parties may be identified, and their respective claims and defenses joined and determined in a single action.

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO 44482

GUARNIERI & SECREST, P.L.L.

GEORGE N. KAFANTARIS (#0009748)
720 N. Park
Warren, Ohio  44483
(330) 394-5455
CO-COUNSEL FOR PLAINTIFF

MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio  44482
(330) 393-1584
CO-COUNSEL FOR PLAINTIFF

## *CERTIFICATE OF SERVICE*

I certify that a copy of the foregoing Motion, together with copy of Second Amended Complaint attached, was mailed, via ordinary U.S. Mail, this 20th day of March, 2002 to Latha M. Srinivasan, Attorney for Defendant, 1400 McDonald Investment Center, 800 Superior Avenue, Cleveland, OH  44114-2688.

MICHAEL D. ROSSI
CO-COUNSEL FOR PLAINTIFF

2

## IN THE COURT OF COMMON PLEAS

## COLUMBIANA COUNTY, OHIO

| | |
|---|---|
| CINDY GROVE<br><br>and<br><br>MARK BISSETT<br>2320 S. Freedom Avenue<br>Alliance, OH<br><br>    Plaintiffs<br><br>vs.<br><br>FRESH MARK, INC., dba SUGARDALE<br>FOODS and CARRIAGE HILL FOODS<br><br>and<br><br>RICK FOSTER<br>c/o Carriage Hill Foods<br>1735 S. Lincoln Avenue<br>Salem, OH 44460<br><br>and<br><br>MARK SULLIVAN<br>1600 Harmont Avenue, NE<br>P.O. Box 8440<br>Canton, OH 44711-8440<br><br>and<br><br>KAREN DUNN<br>1600 Harmont Avenue, NE<br>P.O. Box 8440<br>Canton, OH 44711-8440<br><br>and | Case No. 2001-CV-867<br><br>Judge Pike<br><br>*SECOND<br>AMENDED COMPLAINT*<br><br>*WITH*<br><br>*JURY DEMAND ENDORSED HEREON* |

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO 44482



BRIAN WESS
c/o Carriage Hill Foods
1735 S. Lincoln Avenue
Salem, OH  44460

    and

VILMA SCHUSTER
c/o Carriage Hill Foods
1735 S. Lincoln Avenue
Salem, OH  44460

    and

DON PANCHO
1157 W. High Avenue
New Philadelphia, OH  44663

    and

CERTAIN UNNAMED "JOHN DOE"
DEFENDANTS
Addresses Presently Undetermined

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

### *First Claim*

### *("Whistleblower Statute" Claim)*

1.    At all times relevant, Plaintiff, Cindy Grove ("Grove"), was an "employee" and

Defendant, Fresh Mark, Inc., dba Sugardale Foods and Carriage Hill Foods ("Fresh Mark"),

an "employer" within the meaning of R.C. §4113.51.

2.    Hired 8/2/00, Grove was Fresh Mark's Human Resources Administrator.

3.    In 1/01, during the course of her employment, Grove became aware that

Fresh Mark was falsifying records and counterfeiting social security cards for the purpose

of employing illegal aliens in its meat processing business; and reasonably believed such

conduct to constitute a felonious violation of federal statute.

2

4.    Thereafter, Grove told her supervisor about that conduct and, subsequently, documented the same with sufficient detail to identify and describe that violation.

5.    Fresh Mark neither corrected, nor made any reasonable, good faith effort to correct the violation within 24 hours after being so notified by Grove.

6.    Thereafter, Grove reported and documented the same with the U.S. Immigration and Naturalization Service.

7.    On 10/29/01, as a result of Grove's stated reporting, Fresh Mark removed her from its employ.

8.    In so removing Grove from its employ, Fresh Mark acted willfully, wantonly, maliciously and in reckless disregard of Grove's legally-protected interests.

9.    As a direct and proximate result of Fresh Mark's stated retaliatory conduct, Grove has lost earnings and other employment benefit; and suffered shame, embarrassment, humiliation and other distress of mind.

### Second Claim

### ("Ohio Public Policy Violation" Claim)

Grove realleges and, by reference, herein incorporates the allegations heretofore contained in her First Claim; and further alleges that those allegations also state a claim for violation of the public policy of the State of Ohio.

### Third Claim

### (Federal Civil RICO Claim)

### Jurisdiction

This claim arises under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§1961, et seq.).

### *Parties*

1.     Grove and Plaintiff, Mark Bissett ("Bissett"), are former employees of Fresh Mark and, as more particularly described below, have been injured in their business or property by reason of Defendants' violation of 18 U.S.C. §1962.

2.     At all times relevant, Fresh Mark was and remains a corporation engaged in the meat processing business, engaged in, or the activities of which affect(ed) interstate or foreign commerce.

3.     At all times relevant, Defendant, Rick Foster ("Foster"), was and remains Fresh Mark's "Carriage Hill Foods" Plant Manager at its plant in Salem, Ohio.

4.     At all times relevant, Defendant, Mark Sullivan ("Sullivan"), was and remains Fresh Mark's Corporate Director of Human Resources at its headquarters in Massillon, Ohio.

5.     At all times relevant, Defendant, Karen Dunn ("Dunn"), was and remains Fresh Mark's Corporate Benefits Director at its headquarters in Massillon, Ohio.

6.     At all times relevant, Defendant, Brian Wess ("Wess"), was and remains Fresh Mark's "Carriage Hill Foods" Human Resources Director at its plant in Salem, Ohio.

7.     At all times relevant, Defendant, Vilma Schuster ("Schuster"), was Fresh Mark's Hourly Employee Recruiter for its various plants in and around Northeastern Ohio.

8.     At all times relevant, Defendant, Don Pancho ("Pancho"), was and remains associated with Fresh Mark, participating directly or indirectly in the conduct of its affairs.

9.     At all times relevant, certain "John Doe" Defendants ("John Does"), were and remain employed by or associated with Fresh Mark, participating directly or indirectly in the conduct of its affairs.

4

10.    At all times relevant, Foster, Sullivan, Dunn, Wess, Schuster, Pancho and John Does were acting in concert with Fresh Mark and each other in the conduct of Fresh Mark's affairs.

11.    At all times relevant, Defendants' acts were committed by them personally either while present in, or by use of the mails, telephones and other instrumentalities in interstate commerce, to and from Ohio and elsewhere.

### *Facts*

1.    At all times relevant, certain Hispanic illegal aliens gained passage to the United States and purchased false identification documents, to wit: social security card and state driver's license, for the purpose of obtaining gainful employment in the United States.

2.    As a class, those aliens ("unauthorized workers") are particularly useful employees in certain segments of the meat processing industry.

3.    Beginning no later than 12/00 and continuing to date, in violation of 18 U.S.C. §1962(c) and (d), the Defendants conspired to and, in fact, engaged in a pattern and practice of knowingly hiring and continuing to employ those unauthorized workers at its "Carriage Hill Foods" plant in Salem, Ohio and elsewhere in and around Northeast Ohio.

4.    In furtherance of that conspiracy, pattern and practice, Defendants facilitated such hiring and employment by providing food, clothing, shelter, transportation and translation services to the unauthorized workers; and by fraudulently processing and mailing their I-9 Employment Eligibility Verification Forms with identification documentation copies they knew to be false and, of necessity, required the full cooperation, acquiescence and silence of Fresh Mark's human resources staff, through "winking," suggestion, reward, threat of punitive action or otherwise.

5

5.  At all times relevant at its "Carriage Hill Foods" plant in Salem, Ohio, Fresh Mark employed the Plaintiffs in "human resources" capacities that facilitated and furthered Defendants' stated conspiracy, pattern and practice, to wit: Grove was Fresh Mark's Human Resources Administrator whose duties included the completion of its employees' I-9 Forms; and Bissett was Fresh Mark's Safety Manager whose duties included the supervision and participation in the "provision" to which reference is above-made in Par. 4, and the completion of employee I-9 Forms.

6.  In 2001, Plaintiffs became increasingly aware of Defendants' unlawful conspiracy, pattern and practice and, over the course of a number of months, respectively stopped cooperating with, acquiescing in and remaining silent about the conspiracy, its objectives and means, despite Defendants' respective winks, suggestions, rewards, threats of punitive action and otherwise.

7.  As the employment of Bissett and Grove now threatened the continued viability of Defendants' conspiracy, its objectives and means, they were respectively discharged from employment in 4/01 and in 10/01.

### *Statement of Claim*

1.  At all times relevant, Fresh Mark or the Defendants as a group constituted an "enterprise" within the meaning of 18 U.S.C. §1961(4), engaged in, or the activities of which affected interstate commerce or foreign commerce.

2.  At all times relevant, Defendants' state acts, to which reference is above-made in Par. 4 of "Facts," indictable under 18 U.S.C. §1028 (relating to fraud and related activity in connection with identification documents) and §1341 (relating to mail fraud); and under the Immigration and Nationality Act, §274 (relating to bringing in and harboring

6

certain aliens) and §277 (relating to aiding or assisting certain aliens to enter the United States), constituted a "pattern of racketeering activity," within the meaning of 18 U.S.C. §1962(c), through which they conducted and participated, directly or indirectly, in the conduct of Fresh Mark's affairs.

3.     At all times relevant and within the meaning of U.S.C. §1962(d), Defendants conspired to violate 18 U.S.C. §1962(c).

4.     As a direct and proximate result of that conspiracy and its requirements, Plaintiffs suffered the loss of their employment, its compensation and benefit, and, as "whistleblowers," sustained an impairment of their respective earning capacities and loss of prospective gainful employment.

WHEREFORE, on her First Claim and Second Claim, Plaintiff, Cindy Grove, demands judgment against Defendant, Fresh Mark, Inc., dba Sugardale Foods and Carriage Hill Foods, for compensatory damages in an amount in excess of the sum of $25,000.00; and for punitive damages in the sum of $10,000,000.00.

On their Third Claim, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of the sum of $25,000.00, trebled; and for punitive damages in the sum of $10,000,000.00.

Plaintiffs further demand judgment against Defendants, jointly and severally, awarding them reasonable attorney fees, interest as provided by law and recovery of the costs of this action.

Finally, Plaintiffs demand a trial by jury on the issues joined.

GUARNIERI & SECREST, P.L.L.


GEORGE N. KAFANTARIS (#0009748)
720 N. Park
Warren, Ohio  44483
(330) 394-5455
CO-COUNSEL FOR PLAINTIFF

MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio  44482
(330) 393-1584
CO-COUNSEL FOR PLAINTIFF

8

*IN THE COURT OF COMMON PLEAS*

*COLUMBIANA COUNTY, OHIO*

CINDY GROVE

    Plaintiff

vs.

FRESH MARK, INC., dba
SUGARDALE FOODS and
CARRIAGE HILL FOODS

    Defendant

Case No: 2001-CV-867

Judge Pike

**FILED**
COLUMBIANA COUNTY
COURT OF COMMON PLEAS
MAR 2 2 2002
ANTHONY J. DATTILIC
CLERK

*JUDGMENT ENTRY*

Upon Motion and for good cause shown, as more particularly set forth therein, it is

ORDERED, ADJUDGED and DECREED that Plaintiff be and is hereby ALLOWED

LEAVE to amend her Amended Complaint, thereto adding a party plaintiff, parties

defendant and a Third Claim, and to file her Second Amended Complaint, instanter.

_____
J U D G E

SUBMITTED & APPROVED:

_____
MICHAEL D. ROSSI (#0005591)
CO-COUNSEL FOR PLAINTIFF

GUARNIERI AND SECREST, P.L.L.
ATTORNEYS AT LAW
151 E. MARKET STREET
P.O. BOX 4270
WARREN, OHIO 44482

**DOCKETED**

APR 2 2 2002

**J A R**

## *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

### *Summons*
Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE**
**Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

               Plaintiff(s)

        VS.

*Summons on Amended Complaint*

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

            Defendant(s)

To the below named Defendant(s):

        KAREN DUNN
        1600 HARMONT AVENUE, NE
        P.O. BOX 8440
        CANTON, OH44711

        You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

        You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

        The name and address of the Plaintiff's Attorney is as follows:

        MICHAEL D. ROSSI    (330)-393-1584
        ATTORENY AT LAW
        151 EAST MARKET STREET
        P.O. BOX 4270
        WARREN, OH 44482

        If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

P 7130 7671

Deputy Clerk        March 25, 2002

sacom.DOC

### *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

### *Summons*
Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE
Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

Plaintiff(s)

VS.

*Summons on Amended Complaint*

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

Defendant(s)

To the below named Defendant(s):

RICK FOSTER
C/O CARRIAGE HILL FOODS
1735 S. LINCOLN AVENUE
SALEM, OH 44460

You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI      (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

P  2130   7695

Deputy Clerk                    March 25, 2002

sacom.DOC

## *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

### *Summons*

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE**
**Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

Plaintiff(s)

VS.

*Second*
*Summons on Amended Complaint*

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

Defendant(s)



MAR 25 2002

COLUMBIANA COUNTY
COMMON PLEAS COURT
ANTHONY J. DATTILIO, Clerk

To the below named Defendant(s):

DON PANCHO
1157 W. HIGH AVENUE
NEW PHILADELPHIA, OH44663

You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI     (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

Deputy Clerk                    March 25, 2002

**Certified Article Number**

7160 3901 9844 7130 7664

**SENDERS RECORD**

SCANNED

sacom.DOC

### Court of Common Pleas, Columbiana County, Lisbon, Ohio

#### Summons

Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE**
**Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

Plaintiff(s)

VS.

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

Defendant(s)

*Second*
*Summons on Amended Complaint*

FILED

MAR 25 2002
COLUMBIANA COUNTY
COMMON PLEAS COURT
ANTHONY J. DATTILIO, Clerk

To the below named Defendant(s):

VILMA SCHUSTER
C/O CARRIAGE HILL FOODS
1735 S. LINCOLN AVENUE
SALEM, OH 44460

You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI    (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

Deputy Clerk          March 25, 2002

**Certified Article Number**

7160 3901 9844 7130 7718

**SENDERS RECORD**

SCANNED

sacom.DOC

### *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

#### *Summons*
Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

**C. ASHLEY PIKE
Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

Plaintiff(s)

VS.                                                           *Summons on Amended Complaint*

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

Defendant(s)

To the below named Defendant(s):

MARK SULLIVAN
1600 HARMONT AVENUE, NE
P.O. BOX 8440
CANTON, OH44711

You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI     (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

P  2130  2201

Deputy Clerk                March 25, 2002

sacom.DOC

#### *Summons*
Rule 4 1970, Ohio Rules of Civil Procedure

## *Court of Common Pleas, Columbiana County, Lisbon, Ohio*

### *Summons*
Rule 4 1970, Ohio Rules of Civil Procedure

Case No.: 2001 CV 00867

C. ASHLEY PIKE
**Judge**

CINDY GROVE et al
27974 BUCK ROAD
BELOIT, OH 44609

Plaintiff(s)

VS.                                                     *Summons on Amended Complaint*

CARRIAGE HILL FOODS et al
DBA SUGARDALE FOODS
1600 HARMOUNT AVE NE
PO BOX 8440
CANTON, OH 44711

Defendant(s)

To the below named Defendant(s):

BRIAN WESS
C/O CARRIAGE HILL FOODS
1735 S. LINCOLN AVENUE
SALEM, OH 44460

You are hereby summoned that a amended complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this Court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three (3) days after service on Plaintiff's Attorney.

The name and address of the Plaintiff's Attorney is as follows:

MICHAEL D. ROSSI        (330)-393-1584
ATTORENY AT LAW
151 EAST MARKET STREET
P.O. BOX 4270
WARREN, OH 44482

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the amended complaint.

**Anthony J. Dattilio, Clerk of Courts**
105 South Market Street
Lisbon, Ohio 44432

P ﹍2130 7668﹍

Deputy Clerk                    March 25, 2002

sacom.DOC

## CERTIFICATE OF SERVICE

The foregoing Notice of Removal was served via U.S. Mail, postage prepaid, upon the following this _24th_ day of April, 2002:

Michael D. Rossi, Esq.
Guarnieri & Secrest, P.L.L.
151 East Market Street
P.O. Box 4270
Warren, OH 44482

George N. Kafantaris, Esq.
720 N. Park
Warren, Ohio 44483

Richard P. Goddard