IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY GROVE, et al., | ) | CASE NO. 1:02CV779 |
| | ) | |
| Plaintiffs, | ) | JUDGE: OLIVER |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANTS FRESH** |
| FRESH MARK, INC. d.b.a., | ) | **MARK, INC., RICK FOSTER, MARK** |
| SUGARDALE FOODS and | ) | **SULLIVAN, KAREN DUNN AND** |
| CARRIAGE HILL FOODS, et al., | ) | **BRIAN WESS TO SECOND AMENDED** |
| | ) | **COMPLAINT AND COUNTERCLAIMS** |
| Defendants. | ) | |

1.     Defendants Fresh Mark, Inc., Rick Foster, Mark Sullivan, Karen Dunn, and Brian Wess (collectively "Defendants") admit the allegations set forth in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.     Defendants deny the allegations set forth in paragraph 2 of Plaintiffs' Second Amended Complaint.  Defendants admit, however, that Defendants hired Plaintiff Cindy Grove on or about August 2, 2000 as a Human Resources Benefits Clerk.

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Second Amended Complaint. Defendants deny, however, that any of them falsified any records or counterfeited any social security cards and aver that Plaintiffs Cindy Grove and Mark Bissett and their counsel have

made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

4. Defendants deny the allegations set forth in paragraph 4 of Plaintiffs' Second Amended Complaint and aver that Plaintiffs and their counsel have made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

5. Defendants deny the allegations set forth in paragraph 5 of Plaintiffs' Second Amended Complaint and aver that Plaintiffs and their counsel have made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Defendants deny the allegations set forth in paragraph 7 of Plaintiffs' Second Amended Complaint and aver that Plaintiffs and their counsel have made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in

2

making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

8.     Defendants deny the allegations set forth in paragraph 8 of Plaintiffs' Second Amended Complaint and aver that Plaintiffs and their counsel have made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

9.     Defendants deny the allegations set forth in paragraph 9 of Plaintiffs' Second Amended Complaint and aver that Plaintiffs and their counsel have made and maintain these allegations without any legal or factual basis therefor, in violation of Rule 11 of the Ohio and Federal Rules of Civil Procedure, and that the actions of Plaintiffs and their counsel in making and maintaining these false allegations constitute frivolous conduct within the meaning of Section 2323.51 of the Ohio Revised Code.

10.     Defendants deny the allegations set forth in the Second Claim alleged in the unnumbered paragraph of Plaintiffs' Seconded Amended Complaint and, with respect thereto, incorporate paragraphs 1 through 9 hereof by reference.

11.     Defendants acknowledge that Plaintiffs, in an unnumbered paragraph following the heading "Jurisdiction" are alleging a claim under the Racketeer Influenced and Corrupt Organizations Act, but deny that this claim has any legal or factual basis.

12.     Defendants admit that Plaintiffs Grove and Bissett are former employees of Fresh Mark, Inc.  Defendants deny all other allegations set forth in paragraph 1 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

13.     Defendants admit the allegations set forth in paragraph 2 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

14.     Defendants admit the allegations set forth in paragraph 3 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

15.     Defendants admit the allegations set forth in paragraph 4 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

16.     Defendants deny the allegations set forth in paragraph 5 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".  Defendants aver that, at all relevant times, Karen Dunn was and remains in-house counsel for Fresh Mark, Inc.

17.     Defendants admit the allegations set forth in paragraph 6 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

18.     Defendants deny the allegations set forth in paragraph 7 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

19.     Defendants deny the allegations set forth in paragraph 8 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

21.     Defendants deny the allegations set forth in paragraph 10 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

22.     Defendants deny the allegations set forth in paragraph 11 of the Third claim in Plaintiffs' Second Amended Complaint following the heading "Parties".

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

24.     Defendants deny the allegations set forth in paragraph 2 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

25.     Defendants deny the allegations set forth in paragraph 3 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

26.     Defendants deny the allegations set forth in paragraph 4 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

27.     Defendants deny the allegations set forth in paragraph 5 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

28.     Defendants deny the allegations set forth in paragraph 6 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

29.     Defendants admit that Plaintiffs were discharged from their employment. Defendants deny all other allegations set forth in paragraph 7 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Facts".

30.     Defendants deny the allegations set forth in paragraph 1 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Statement of Claim".

31.     Defendants deny the allegations set forth in paragraph 2 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Statement of Claim".

32.     Defendants deny the allegations set forth in paragraph 3 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Statement of Claim".

33.     Defendants deny the allegations set forth in paragraph 4 of the Third Claim in Plaintiffs' Second Amended Complaint following the heading "Statement of Claim".

## AFFIRMATIVE DEFENSES

34.     Plaintiffs' Second Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

35.     Plaintiffs are barred from relief herein, in whole or in part, by their failure to mitigate their damages.

36.     Plaintiffs are barred from relief herein because they were discharged from their employment with Defendant Fresh Mark, Inc. for legitimate, lawful, non-discriminatory, and non-retaliatory reasons.

37.     Plaintiffs are barred from relief herein because they were at all times at-will employees with no contractual relationship with Defendants.

38.     Plaintiffs are barred from relief herein, in whole or in part, because they failed to comply with the procedures and requirements of Section 4113.52 of the Ohio Revised Code.

39.     Plaintiffs are barred from relief herein, in whole or in part, by the provisions of Sections 4113.52(B) and (D) of the Ohio Revised Code because Defendants did not take any disciplinary or retaliatory action against them for making any report authorized by Ohio Revised Code §4113.52.

40.     Plaintiffs are barred from relief herein, in whole or in part, by the provisions of Section 4113.52 of the Ohio Revised Code because they failed to make a reasonable and good faith effort to determine the accuracy of any information reported thereunder.

6

## COUNTERCLAIMS
### COUNT ONE

1.      From approximately August 2, 2000 through October 29, 2001, Plaintiff Cindy Grove was employed by Defendant Fresh Mark, Inc. ("Fresh Mark") as a Human Resources Benefits Clerk.

2.      On or about October 29, 2001, Plaintiff Grove's employment with Fresh Mark was terminated for lawful reasons.

3.      Subsequent to October 29, 2001, Plaintiff Grove published false and defamatory statements of and concerning Fresh Mark to a prospective employer by which Plaintiff falsely stated that her employment with Fresh Mark, doing business as Carriage Hill Foods, terminated because she "would not continue to hire illegal immigrants for production."

4.      Plaintiff Grove published the statements maliciously, intentionally, and with knowledge of their falsity or with reckless disregard for the truth.

5.      The false statements published by Plaintiff Grove, of and concerning Fresh Mark, are defamatory per se.

6.      As a result of Plaintiff Grove's action, Fresh Mark has sustained damage to its reputation in an amount in excess of $25,000.00.

7.      Because Plaintiff Grove maliciously and intentionally published false and defamatory statements of and concerning Fresh Mark and acted with knowledge that the statements were false or with reckless disregard for their truth, Fresh Mark is entitled to punitive damages.

## COUNT TWO

8.      Plaintiff Mark Bissett is a former employee of Fresh Mark.

9.      In January, 2002, Plaintiff Bissett published false and defamatory statements of and concerning Fresh Mark by stating, inter alia, that (a) Fresh Mark, Inc. employs and has employed persons who are not authorized to work in the United States of America; (b) Fresh Mark, Inc. knows and knew that many of its employees are not authorized to work in the United States of America; (c) it was "common knowledge" to Fresh Mark, Inc. that many of its employees "were illegal"; and (d) Fresh Mark, Inc. managing agents stated with respect to the employment of unauthorized aliens, "If we do get caught, you know, we'll get fined.  That's just the cost of business."

10.     Plaintiff Bissett published the statements maliciously, intentionally, and with knowledge of their falsity or with reckless disregard for the truth.

11.     The false statements published by Plaintiff Bissett, of and concerning Fresh Mark, are defamatory per se.

12.     As a result of the actions by Plaintiff Bissett, Fresh Mark has sustained damage to its reputation in an amount in excess of $25,000.00.

13.     Because Plaintiff Bissett maliciously and intentionally published false and defamatory statements of and concerning Fresh Mark and acted with knowledge that the statements were false or with reckless disregard for their truth, Fresh Mark is entitled to punitive damages.

WHEREFORE, Defendants demand that the Court render judgment in favor of Defendants Fresh Mark, Inc., Rick Foster, Mark Sullivan, Karen Dunn, and Brian Wess and against Plaintiffs dismissing Plaintiffs' Second Amended Complaint with prejudice at Plaintiffs'

costs; and that the Court render judgment in favor of Defendant Fresh Mark, Inc. and against Plaintiffs Cindy Grove and Mark Bissett on Fresh Mark, Inc.'s Counterclaims, jointly and severally, awarding Fresh Mark, Inc. compensatory damages in an amount in excess of $25,000.00 and punitive damages in the amount of $500,000.00 together with costs herein, plus reasonable attorneys' fees, and such other and further relief as this Court may deem just.

Respectfully submitted,


/s/ Richard P. Goddard
Richard P. Goddard (0010904)
rgoddard@calfee.com

/s/Latha M. Srinivasan
Latha M. Srinivasan (0069719)
lsrinivasan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
216-622-8200
216-241-0816 Fax

Attorneys for Defendants Fresh Mark, Inc.
Rick Foster, Mark Sullivan, Karen Dunn,
and Brian Wess

## CERTIFICATE OF SERVICE

I hereby certify that on April __26th__, 2002, the foregoing Answer and Counterclaim was served electronically on the persons listed below.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

Michael D. Rossi, Esq.
Guarnieri & Secrest, P.L.L.
151 East Market Street
P.O. Box 4270
Warren, OH  44482

George N. Kafantaris, Esq.
720 N. Park
Warren, Ohio  44483

John P. Susany, Esq.
Stark & Knoll Co., L.P.A.
76 South Main Street
Suite 1512
Akron, OH  44308

A copy has been served via U.S. Mail, postage prepaid, upon:

Ken Cardinal, Esq.
P.O. Box 207
Sebring, OH  44672

*/s/ Richard P. Goddard*
Richard P. Goddard