UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY GROVE, *et al.*, | ) | Case No.: 1:02 CV 779 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FRESH MARK, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER OF REMAND</u> |

Plaintiff Cindy Grove ("Grove") originally filed this case in the Court of Common Pleas for Columbiana County, Ohio, alleging that Defendant Fresh Mark, Inc. d.b.a. Sugardale Foods and Carriage Hill Foods ("Fresh Mark") discharged her in violation of public policy and Ohio's whistleblower statute. She was granted leave to amend her complaint to add a party plaintiff, Mark Bissett ("Bissett"); several defendants, Rick Foster, Mark Sullivan, Karen Dunn, Brian Well, Vilma Schuster, and Don Poncho; and a claim against all Defendants for violation of 18 U.S.C. § 1962, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants thereafter timely removed the case to this court on the basis of federal question jurisdiction. Now pending before the court is Defendants' Motion to Dismiss (ECF No. 33). Because the allegations in Plaintiffs' Complaint do not state a claim for relief under RICO,

the only claim over which this court has original jurisdiction, the court grants Defendants' Motion to Dismiss and remands this case to the Columbiana County Court of Common Pleas, from which it came.

## I. FACTS

Grove was hired by Fresh Mark on August 2, 2000, as a Human Resources Administrator. One of her duties in this capacity included the completion of I-9 Forms for new Fresh Mark employees. I-9 Forms are the forms on which employers verify a new employee's authorization to work in the United States. Bisset was employed by Fresh Mark as a Safety Manager and assisted in the completion of I-9 Forms for new Fresh Mark employees and in supervising and providing certain services to such employees.

In their Complaint, Plaintiffs allege that Fresh Mark falsified employee records and social security cards in order to employ illegal aliens in its meat processing business. They further claim that all of the Defendants conspired to engage in a pattern and practice of knowingly hiring and employing unauthorized workers at its Ohio plants. According to Plaintiffs, Defendants facilitated their conspiracy by providing food, clothing, shelter, transportation and translation to the unauthorized workers, and by fraudulently processing and mailing their I-9 forms with identification documents they knew were false.

Plaintiffs maintain that once they became aware of Defendants' unlawful conspiracy, they "stopped cooperating with, acquiescing in and remaining silent about the conspiracy, its objectives and means." (Complaint ¶ 6). They assert that they were eventually discharged because their employment "threatened the continued viability of Defendants' conspiracy." (*Id.* at ¶ 7).

## II. STANDARD

Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The court, however, need not accept "conclusions of law or unwarranted inferences cast in the form of factual allegations." *Czupih v. Card Pak, Inc.*, 916 F.Supp. 687, 689 (N.D. Ohio 1996). Ultimately, a complaint may be dismissed only if "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

## III. LAW & ANALYSIS

In their RICO claim, Plaintiffs contend that Defendants engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d), by committing fraud and related activity in connection with identification documents, mail fraud, bringing in and harboring aliens, and aiding or assisting aliens to enter the United States. They bring their claim pursuant to RICO's civil enforcement section, 18 U.S.C. § 1964(c). Defendants move to dismiss on the basis that Plaintiffs' allegations fail to state a claim for relief under RICO.

18 U.S.C. § 1964(c) provides a private cause of action for treble damages and attorneys' fees to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.

. . ." In order to maintain a civil action under this section, a plaintiff must demonstrate that the defendant has engaged in a predicate, criminal RICO violation. *See Central Distribs. of Beer, Inc. v. Conn.,* 5 F.3d 181, 183-84 (6th Cir. 1993). 18 U.S.C.§ 1962 specifies the activities that constitute a criminal RICO violation. Plaintiffs have alleged that Defendants' conduct violates §§ 1962(c) and (d), which provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern or racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

The court will address each of these sections in turn.

### A. 18 U.S.C. § 1962(c)

In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), the United States Supreme Court set forth the elements needed to succeed on a civil RICO claim predicated on 18 U.S.C. § 1962(c). There, the court held that "[a] violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 496. The *Sedima* Court framed the causation requirement in § 1964(c) (that is, that the plaintiff's "injury in his business or property was *by reason of* a violation of section 1962") as one of standing. Specifically, the Court held that a "plaintiff only has standing [under § 1964(c)] if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Id.*

The Sixth Circuit applied *Sedima* to a case with facts similar to those in the instant case in *Kramer v. Bachan Aerospace Corp.*, 912 F.3d 151 (6th Cir. 1990). There, Kramer claimed that BAC

- 4 -

discharged him from employment because he informed the United States Defense Department of BAC's alleged scheme to ship defective military hardware in violation of 18 U.S.C. § 1962(c). The court found that Kramer did not have standing to bring his civil RICO claim because his discharge was merely incidental to, and not directly caused by, BAC's alleged RICO violations. *Id.* at 155. This conclusion, according to the court, was supported by the overwhelming majority of courts to apply *Sedima* in similar situations. A number of years later, in *Mitchell v. Biomagnetic Resonance, Inc.*, 114 F.3d 1188, 1997 WL 259367 (6th Cir. May 15, 1997), the court reaffirmed its holding in *Kramer*. The *Mitchell* court held that under *Kramer*, the plaintiff in that case, who claimed that she lost her job because the defendants feared she would expose their alleged illegal RICO activities, did not have standing to sue under § 1964(c). *Id.* at * 5 ("[E]ven if Mitchell had shown that PMI and BMR had fired her because she threatened to reveal their RICO violations, the loss of her jobs does not constitute an injury to business or property cognizable under 18 U.S.C. § 1964(c).").

      Though virtually indistinguishable on their facts, Plaintiffs attempt to circumvent *Sedima, Kramer* and *Mitchell* by pointing out that none of these cases considered the "'aiding and abetting' component of the underlying criminal statutes." (Pls.' Br. in Opp. at 2). They maintain that "if any overt act, such as 'firing an employee,' is fairly characterized as aiding or abetting the principal racketeering activity then, . . . such is <u>itself</u> an 'act of racketeering' sufficient for the 'standing' nexus." (*Id.* at 3) (emphasis in original).

They further argue that under 18 U.S.C. § 2(a), the federal aiding and abetting statute, aiding and abetting is the equivalent of principal criminal conduct.[1]

This argument was explicitly rejected by the Third Circuit in *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 656-57 (3rd Cir. 1998), *abrogated in part on other ground by Forbes v. Eagleson*, 228 F.3d 471 (3rd 2000). Applying the Supreme Court's analysis in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), the *Rolo* court held that:

> the text of § 1962 itself contains no indication that Congress intended to impose private civil aiding and abetting liability under RICO. Criminal liability for aiding and abetting a violation of § 1962 is imposed by reference to the general aiding and abetting statute, 18 U.S.C. § 2. This provision has no application to private causes of action. *See Central Bank of Denver,* 511 U.S. at 181-82, 114 S.Ct. 1439. Thus, reference to 18 U.S.C. § 2 cannot provide the basis for the imposition of civil liability for aiding and abetting a RICO violation.

*Id.* at 657. The court went on to note that it had no authority to imply a private cause of action for aiding and abetting a RICO violation because the text of the RICO statute does not encompass such a private cause of action. *Id.* (citing *Central Bank of Denver*, 511 U.S. at 183).

---

[1] This statute provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C. § 2(a).

Plaintiffs have cited no case contradicting *Rolo*. Accordingly, the court does not find their aiding and abetting theory a persuasive distinction between this case and *Sedima, Kramer* and *Mitchell*. Accordingly, Plaintiffs do not have standing to bring their civil RICO claim pursuant to 18 U.S.C. § 1962(c).

### B. 18 U.S.C. § 1962(d)

Plaintiffs have also cited 18 U.S.C. § 1962(d) as a basis for their claim under § 1964(c). Specifically, they allege that their employment with Fresh Mark was terminated in furtherance of Defendants' conspiracy to violate federal law. The Supreme Court recently addressed, and rejected, such an argument in *Beck v. Prupis*, 529 U.S. 494 (2000).

In *Beck,* the Supreme Court considered whether an employee who alleged that he had been terminated in furtherance of the defendants' conspiracy to violate RICO could bring a civil RICO claim predicated on § 1962(d). The Court said that he could not, finding that "a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." 529 U.S. at 507. Because the overt act the plaintiff alleged, his termination, was not independently wrongful under RICO, the Court held that the Court of Appeals had properly dismissed his RICO claim. *Id.* Likewise, the termination of Plaintiffs' employment here was not a "racketeering activity" as defined by § 1961(1) or otherwise wrongful under RICO. Plaintiffs' § 1964(c) claim based on § 1962(d) must therefore be dismissed under *Beck*.

## IV. CONCLUSION

For the foregoing reasons, the court hereby grants Defendants' Motion to Dismiss Plaintiffs' RICO claim (ECF No. 33). Having dismissed Plaintiffs' RICO claim, the only claim over which it has original jurisdiction, the court will not exercise supplemental jurisdiction over their remaining state law wrongful discharge and whistleblower claims. Pursuant to 28 U.S.C. §1367(c)(3), "[d]istrict courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Defendants have requested that, rather than dismiss Plaintiffs' state law claims without prejudice, the court remand them to the state court. (*See* Mot. to Dismiss at 11). This court has the authority to remand pendent state law claims rather than dismiss them, if the values of economy, convenience, fairness and comity so dictate. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Long v. Bando Mfg. of Am.*, 201 F.3d 754 (6th Cir. 2000). Given that this case is in the early stages of litigation and that the State of Ohio has an interest in enforcing its own laws, the court finds that each of these values would be served by remanding rather than dismissing Plaintiffs' state law claims. Consequently, this case is hereby remanded to the Court of Common Pleas for Columbiana County, Ohio.

IT IS SO ORDERED.

*/s/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 30, 2003